UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Joel Sarno,<br>Plaintiff,<br><br><br>v.<br><br><br>Pennsylvania Pizza Company, LLC d/b/a<br>Steel City Pizza Co.<br>Defendant. | CASE NO.:  2:24-cv-7266-BHH-PJG<br><br><br><br>COMPLAINT<br>(Jury Trial Requested) |

The Plaintiff complaining of the Defendant would show unto this Honorable Court as follows:

**JURISDICTION AND VENUE**

1.  This suit is brought, and jurisdiction lies pursuant to Section 107 (a) of the Americans with Disabilities Act (42 U.S.C. §12117) (hereinafter "ADA"), which incorporates by reference §706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5.

2.  All conditions precedent to jurisdiction under § 706 of Title VII, 42 U.S.C. §2000e-5, have occurred or been complied with.

    a.  A charge of employment discrimination on basis of disability discrimination was filed by the Plaintiff with Equal Employment Opportunity Commission ("EEOC").

    b.  Notice of the Right to Sue was received from EEOC on or about September 23, 2024.

    c.  This Complaint has been filed within the 90 days of receipt of the EEOC's Notice of the Right to Sue.

3.  This court has jurisdiction to hear and determine this matter pursuant to 28 U.S.C. §1331 (federal question).

4.  The Plaintiff, Joel Sarno, is a citizen and resident of Berkeley County, South Carolina.

5.  The Defendant, Pennsylvania Pizza Company, LLC d/b/a Steel City Pizza Co., is upon information and belief, is a domestic corporation organized and operating under the laws of the State of South Carolina.

6.  All discriminatory employment practices alleged herein were committed within the State of South Carolina.

7.   Defendant is a "person" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

8.   Defendant is a governmental entity within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

9.   Defendant employs fifteen (15) or more employees and is an "employer" within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

10. Defendant employs fifteen (15) or more employees and is an "employer" within the meaning of §101(5) (a) of the ADA U.S.C. §12111 (5) (A).

11. The parties, subject matter and all things and matters hereinafter alleged are within the jurisdiction of this Court.

## STATEMENT OF FACTS

12. On or about January 31, 2022, Plaintiff began working for the Defendant as a general manager. Plaintiff was efficient and effective in his work.

13.  On or about April 11, 2023, the Plaintiff was injured at home and reported the injury to his employer, where he requested accommodations due to suffering from three broken bones and an issue with a ligament/tendon.

14. The Plaintiff was granted accommodations from April 25, 2023 until May 27, 2023, as he was allowed to work from home while he recovered.

15. The Plaintiff was allowed to return to work on or about May 27, 2023, but with light duty assignments.  The Plaintiff also requested FMLA leave for treatment.

16. The Defendant reduced Plaintiff's salary upon Plaintiff's request for light duty under his disability restrictions.

17. The Plaintiff reported that he was discriminated against based on his disability to P.J. Jourilis, Vice President of Operations, and Sarah Winters, Controller, but nothing was done.

18. Following Plaintiff's report, he was terminated on or about July 3, 2023.

19. At all times prior to and at the time of the incident, Plaintiff acted in a prudent and reasonable manner and in no way contributed to his termination.

20. Plaintiff has suffered medical disabilities. Plaintiff has been an individual with a "disability" or is someone perceived to have a disability within the meaning of Sec. 3(2) of the Americans with Disabilities Act, 42 U.S.C. §12102(2).  More particularly, Plaintiff has a physical impairment that substantially limits one or more of his major life activities and has a record of such impairment.

21. Plaintiff is a "qualified individual with a disability" or is someone perceived to have a disability as that term is defined in Sec. 101(8) of the ADA, 42 U.S.C. §12111(8). More specifically, Plaintiff is an individual with a disability who, with the reasonable accommodations, can perform the essential functions of several jobs in Defendant's employment.

22. The Plaintiff asserts that the reasons given for his termination and loss of employee benefits were a mere pretext for the discrimination against Plaintiff based on his disability and need for FMLA leave.

23. As a direct and proximate result of Defendant's discrimination on the basis of disability, Plaintiff has suffered a loss of wages, benefits, and employment opportunities.

24. Plaintiff is entitled to injunctive relief and/or civil damages from Defendant as a result of Plaintiff's employment discrimination as alleged above.

25. Due to the acts of Defendant, its agents and employees, Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits, and reinstatement of benefits and front pay.

26. As alleged above, Plaintiff has a medical disability. Plaintiff satisfactorily performed his essential and fundamental job functions.

27. Plaintiff informed Defendant of his disability and required accommodations. Plaintiff requested accommodations and periodic or intermittent medical leave due to his disability. Defendant terminated Plaintiff's position and caused him to lose pay and benefits, including but not limited to health benefits, in retaliation for his medical disability.

28. As a direct and proximate result of the acts and practices of Defendant in the discharge of Plaintiff from employment, the Plaintiff has suffered and continues to suffer from mental anguish, humiliation, loss of enjoyment of life, damage to Plaintiff's reputation, loss of income and other past and future losses.

**FOR A FIRST CAUSE OF ACTION**
**Violation of Americans with Disabilities Act**

29. The Plaintiff repeats and reiterates each and every allegation as if fully set forth herein.

30. Plaintiff is a handicapped person as defined by the Code of Laws of South Carolina, §2-7-35, as amended, and the ADA, in that he has a disability which substantially limits one or more major life activities and meets other definitions prescribed by federal law.

31. Plaintiff is guaranteed the opportunity to maintain employment without discrimination because of her disability pursuant to the American Disabilities Act and Code of Laws of South Carolina, §43-33-530, as amended.

32. Defendant has discriminated against Plaintiff, a handicapped person, without reasonable justification as prohibited by §102 of the ADA, 42 U.S.C. §12112 and the Code of Laws of South Carolina, §43-33-350, as amended.

33. Despite being a person with a disability, the Plaintiff can perform the essential functions of his job.

34. Defendant has failed to undertake any good faith efforts, in consultation with Plaintiff, to identify and make reasonable accommodations for employment.

35. Based on Plaintiff's disability and request for accommodations, Defendant retaliated against the Plaintiff in his employment, in violation of the Act.

36. Due to the acts of the Defendant, its agents and employees, Plaintiff is entitled to, back wages, plus interest, payment for lost past and future benefits, front pay, mental anguish, emotional distress, payment of medical bills, payment of damages, attorney's fees and costs.

## FOR A SECOND CAUSE OF ACTION
### Violation of Family and Medical Leave Act

37. The Plaintiff repeats and reiterates each and every allegation as if fully set forth herein.

38. The Plaintiff is informed and believes that upon his request, he was entitled to take leave pursuant to the Family and Medical Leave Act of 1993 (29 U.S.C. §2601, *et. seq*.) and Defendant's termination of his employment as a result of him having taken such leave is a violation of his rights under said statute.

39. The Defendant is a qualified "employer" subject to the said Family and Medical Leave Act and this Court has concurrent jurisdiction to enforce the provisions of said statute.

40. The Defendant's termination of Plaintiff following medical leave constituted a violation of Family and Medical Leave Act.

41. Accordingly, Plaintiff is informed and believes that he is entitled to compensatory damages in the nature of the value of his lost wages and benefits, front pay, together with interest thereon, as well as liquidated damages, and his reasonable attorney's fees for the bringing of this action.

## FOR A THIRD CAUSE OF ACTION
### Retaliation

42. The Plaintiff repeats and reiterates each and every allegation as if fully set forth herein.

43. That as alleged above, Plaintiff complained to the Defendant on several occasions about disability discrimination.

44. That Plaintiff's complaints were made in good faith and constituted protected activity under Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e et seq.).

45. That shortly after making said complaints, the Defendant fired the Plaintiff, which is in violation of 42 U.S.C. §2000e-3.

46. The Defendant's stated reasons for retaliation and wrongful discharge were a mere pretext for the retaliation against Plaintiff based on him engaging in protected activity.

47. The Plaintiff's reports of disability discrimination were determining factors in the retaliation and wrongful discharge of Plaintiff.  But for Plaintiff's reports of disability discrimination, he would not have been terminated.

48. The Defendant was wanton, reckless and intentional in the retaliation against the Plaintiff for engaging in protected activity.

49. That the aforesaid conduct of Defendant, its agents and servants, violates United States laws against retaliatory dismissal and was, in fact, retaliatory in nature and was in violation of Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e et seq.).

50. In failing to protect the Plaintiff from retaliation, the Defendant acted with malice or reckless indifference to the federally protected rights set out under Americans with Disabilities Act.

51. The Defendant violated Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e et seq.), and the Equal Employment Opportunity Act by allowing the retaliation to exist in the workplace.

52. That as a result of the above, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, depression, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks attorney's fees and costs and prejudgment interest.

53. That the Defendant's actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of the Plaintiff, and therefore Plaintiff is entitled to recover punitive damages from the Defendant.

## **RELIEF REQUESTED**

Plaintiff requests a judgment by this Court against Defendant as follows:

1.    Judgment in favor of the Plaintiff and against Defendant for all causes of action;

2.    An Order that Plaintiff be awarded the back pay he would have earned, with related monetary benefits and interest thereon, had she been kept in his proper

employment, attorney's fees and costs of this action and all other remedies allowable by statute or otherwise;

3.     Judgment in favor of the Plaintiff and against Defendant for front pay and any other work benefits he lost in an amount to be determined by the trier of fact;

4.     An award to the Plaintiff for punitive damages in an amount to be determined at the trial of this matter;

5.     An award for mental anguish, mental suffering, stress, etc., and the medial bills related to the treatment of these conditions;

6.     An award of Plaintiff's attorney's fees, including litigation expenses, and the costs of this action; and

7.     For such other and further relief as this Court deems just and proper and allowable remedies by statute, case law or otherwise.

**WIGGER LAW FIRM, INC.**

*s/Dominic M. Nation*
Dominic M. Nation (Fed. I.D. # 14290)
Attorney for Plaintiff
8086 Rivers Avenue, Suite A
N. Charleston, SC 29406
843-553-9800

North Charleston, South Carolina
December 13, 2024